IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

       **Plaintiff,**

       v.

**ANTONIO M. HARRIS,**

       **Defendant.**

Case No.  2:13-cr-270(2)

Judge Gregory L. Frost

## ORDER

This matter came on for consideration upon Defendant's Motion to Sever (ECF No. 234) filed on February 18, 2014 and upon the Government's Response (ECF No. 239) filed on February 24, 2014.  For the foregoing reasons, the Court finds Defendant's Motion to Sever to be not well taken and the Court **DENIES** the same.

A 78 count Indictment was filed against 21 co-defendants.  Defendant is one of the co-defendants.  He, along with all of the other co-defendant's were charged in Count 1 of the Indictment with Conspiracy.  Count 28 of the Indictment charges Defendant with Use of a Telephone to Engage in Drug Trafficking Activities.  Defendant claims that he will be prejudiced if he is required to proceed to trial with all of the other co-defendants.  The Government maintains that joinder of all co-defendants is proper and there will be no prejudice to Defendant.

Fed. R. Crim. P. 8(b) permits the joinder of two or more defendants in the same indictment if they are alleged to have participated in the same act or acts.  Of course, the Conspiracy count alleges that all of the co-defendants participated in a scheme to distribute illegal drugs.  Count 28 alleges telephone conversations relating to drug activity with other co-

1

conspirators.  Fed. R. Crim. P. 14(a) permits the Court to sever a defendant's trial from other co-defendants if it appears that a defendant would be prejudiced by proceeding to trial with other co-defendants.  Defendant relies on this rule and alleges prejudice.

Fed. R. Crim. P. 14 provides for severance but the burden is on Defendant to show substantial prejudice *United States v. Licavoli*, 725 F. 2d 1040, 1051 (6th Cir.), *cert. denied*, 467 U.S. 1252, 104 S. Ct. 3535 (1984).  Defendant has failed to meet this burden.  A conspiracy charge, by definition, includes multiple defendants.  The Government must prove that Defendant participated in the conspiracy.  If the Government fails to prove Defendant's involvement, Defendant will then be found not guilty.  The allegations in the Indictment are that Defendant, along with others, conspired to distribute narcotics during a definite time frame and that Defendant had a relationship with other co-defendants.  This is a straight forward conspiracy case and Defendant has failed to present any circumstances that would indicate a substantial prejudice to him by proceeding jointly.

The Use of a Telephone count alleges telephone communications between Defendant and another co-defendant.  The evidence of a communication, if any can be presented, will be easily distinguishable from other communications involving other co-defendants and will not be confusing to a jury.

There are cases in which a severance is necessary and this Court has not hesitated to do so if specific substantial prejudice has been shown.  But, this case does not present such a scenario.

The Motion to Sever is **DENIED**,

**IT IS SO ORDERED.**

            **/s/ Gregory L. Frost**
Gregory L. Frost
United States District Judge